UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SCOTT FRATUS AND ALDA M. DONNELLY, )<br>    Plaintiffs,                           )<br>                                         )<br>v.                                       )     Civil Action No.:<br>                                         )<br>VIVINT SOLAR DEVELOPER, LLC.             )<br>    Defendant.                           ) | |

## COMPLAINT

## PRELIMINARY STATEMENT

On or about April 29, 2015, Plaintiff, Alda M. Donnelly was the owner of a home located at 40 Tiffany Drive, Randolph, Massachusetts. Ms. Donnelly lived in the home with her adult son and plaintiff, Scott Fratus.

On or about April 28, 2015, Mr. Fratus returned home after work. Noticing an unusual odor in the basement, he went down to inspect. While there, an explosive burst of flame occurred. As a result of the explosion, Mr. Fratus suffered grievous burn injuries throughout his body. In addition, as a result of the explosion and ensuing fire, his mother, Plaintiff, Alda M. Donnelly, sustained serious personal injury including a concussion, neurological damage, knee injury and sever emotional distress.

Earlier on that day, the Defendant, Vivent Solar Developer, LLC ("Vivent") was completing its installation of solar panels on the Donnelly residence. The last phase of the installation included the driving of a metallic rod, constituting a grounding device, into the ground adjacent to the Donnelly residence.

While in the course of installing the grounding rod, the employee of the Defendant, Vivent, hit an obstruction in the ground.

The Donnelly house was serviced by an underground propane gas tank. The underground propane tank had a gas line running into the basement of the home. In addition, a cover for the underground propane tank was located in the immediate area where the Vivent employee had chosen to drive the grounding rod.

After the Vivent worker struck the obstruction with the grounding rod, he then removed the rod and relocated the grounding rod to another location on the property. The Vivent employee took no steps before driving the grounding rod to ascertain that the propane gas service line was in the immediate vicinity of the electrical service for the house where they had chosen to drive the rod. The location of the underground utility was open and obvious given the cover was completely exposed to the surface of the ground close to where the rod was driven.

The Vivent employee failed to take any reasonable steps to ascertain the existence of the underground utility in the first instance and then, upon encountering the obstruction with the rod, failed to take any steps to determine whether he had caused any damage to the underground gas service line which would pose an imminent hazard and threat to not only the property but the inhabitants of the Donnelly home as well. Instead he simply removed the rod and relocated it to another section of the property, and left upon completion of the work.

Later in the evening, the Plaintiff, Scott Fratus, came home.  When he entered the house he smelled a gas odor.  He went into the basement of the house to try to inspect. As he was inspecting the basement, an explosion occurred resulting in serious injuries to both himself and his mother and a complete destruction of the Donnelly home.

## **PARTIES**

1. The Plaintiff, Scott Fratus, is an individual residing at 46 Indian Wood Way, Canton, Massachusetts 02021, Norfolk, County.

2. The Plaintiff, Alda M. Donnelly, is an individual residing at 46 Indian Wood Way, Canton, Massachusetts 02021, Norfolk, County.

3. The Defendant, Vivent Solar Developer, LLC ("Vivent") is a limited liability corporation with a principle place of business at 4931 North 300 West, Provo, Utah 84604.

4. Jurisdiction is based on the diversity of the parties and the controversy exceeds Seventy-five Thousand Dollars $75,000.00 exclusive of interest and costs pursuant to 28 U.S.C. Section 1332.

## **GENERAL ALLEGATIONS**

5. Venue is proper as the defendant at all relevant times was transacting business in the Commonwealth of Massachusetts.  (In this district) pursuant to  28 U.S.C. Section 1391.

6. At all relevant times and at all times here and after mentioned, the Plaintiff, Alda M. Donnelly, was the owner of a residential home located at 40 Tiffany Drive, Randolph, Massachusetts where she lived with her son, Plaintiff, Scott Fratus.

7. Plaintiff, Scott Fratus is an individual and was under the care and companionship of his mother, Alda M. Donnelly.

8. Prior to the date of the explosion and fire, which occurred on April 29, 2015, the Defendant, Vivent had been installing solar panels on to the residence of the Donnelly home. As part of the installation, Vivent, in order to interface the solar panels, with the home's electrical system, utilized a metallic rod, and drove it into the ground adjacent to the Donnelly home.

9. The Donnelly home had a heating system that was serviced by an underground propane gas tank located adjacent to the home which fed the heating system, in the basement, via an underground service line running from the underground tank into the basement of the home. The cover for the gasoline/propane tank was in close proximity to the area chosen by Vivent's employee to drive the grounding rod into the earth.

10. When Vivent's employee drove the rod into the ground, he contacted an obstruction. He removed the rod and relocated the rod to another section of the house.

11. Vivent's employee knew or should have known, in the exercise of reasonable care, that the home was serviced by propane with an underground tank and access cover in the immediate area of the installation of the grounding rod.

12. Vivent's employee knew or should have known, in the exercise of reasonable care that an underground line would allow for the gas to enter the home from the service tank to its connection point inside the home at the heating system.

13. Vivent's employee, failed to exercise any reasonable care to ascertain the location of the underground gas service line so that they could install their rod in a safe location.

14. Once having encountered an obstruction, in the immediate vicinity of the underground service tank, as evidenced by the access cover, Vivent's employee inexplicably withdrew the rod and relocated it without making any effort to determine what he had encountered when he drove the rod in the first instance and whether he had created and caused any damage to the underground service line in question.

15. Vivent's employee never made inquiry with the homeowner or the gas service company or for that matter, anyone, concerning the existence and location of the line in the first instance and never reported the damage that he caused once he encountered the obstruction.

16. As a consequence of the conduct of Vivent's agents, servants and employees, the underground gas line was ruptured and allowed gas to migrate into the basement of the Donnelly home.

17. When Mr. Fratus came home that evening, he attempted to adjust the thermostat and an explosion occurred followed by a devastating fire which demolished and destroyed the Donnelly residence causing grievous personal injury to Mr. Fratus and his mother, Alda M. Donnelly.

18. The inexplicable and total disregard, by Vivent employees, for the safety of the residents and their property constitutes gross negligence and willful and wanton misconduct.

## COUNT I

### (NEGLIGENCE vs. VIVENT SOLAR DEVELOPER, LLC)

19. The Plaintiffs, Scott Fratus and Alda M. Donnelly, repeat and incorporate herein by reference the allegations contained in paragraphs 1 through 18 above, as if expressly re-written and set forth herein.

20. The personal injuries to Alda M. Donnelly and Scott Fratus and the emotional distress and damage and uninsured property damage were caused by the negligence and breaches of duty owed by the Defendant, Vivent Solar Developer, LLC as set forth above.

Wherefore, the Plaintiffs, Scott Fratus and Alda M. Donnelly respectfully demand that judgment be entered on behalf of the Plaintiffs together with interest, costs, expert witness fees, attorney's fees and all other amounts that are recoverable by law.

## COUNT II

### (STRICT LIABILITY vs. VIVENT SOLAR DEVELOPER, LLC)

21. The Plaintiffs, Scott Fratus and Alda M. Donnelly, repeat and incorporate herein by reference the allegations contained in paragraphs 1 through 20 above, as if expressly re-written and set forth herein.

22. The installation of electrical equipment in the vicinity of a propane gas service constitutes an ultrahazardous activity for which the defendant is strictly liable.

Wherefore, the Plaintiffs, Scott Fratus and Alda M. Donnelly respectfully demand that judgment be entered on behalf of the Plaintiffs together with interest, costs, expert witness fees, attorney's fees and all other amounts that are recoverable by law.

## COUNT III

### (GROSS NEGLIGENCE vs. VIVENT SOLAR DEVELOPER, LLC)

23. The Plaintiffs, Scott Fratus and Alda M. Donnelly. Repeat and incorporate herein by reference the allegations contained in paragraphs 1 through 22 above, as if expressly re-written and set forth herein; and further allege that:

    a. The conduct of the defendant, as described in the preceding paragraphs, amounts to willful, wanton or reckless conduct or gross negligence.

    b. The defendant owed a duty to the plaintiffs to refrain from willful, wanton or reckless conduct and gross negligence.

    c.    The defendant breached a duty of care they owed to the plaintiffs in the manner they described in the preceding paragraphs. As a direct and proximate of the defendant's breach of said duty, plaintiffs were seriously injured and sustained significant uninsured property damage. All of this, as a direct and proximate result of the defendant's willful, wanton or reckless conduct or gross negligence.

Wherefore, the Plaintiffs, Scott Fratus and Alda M. Donnelly respectfully demand that judgment be entered on behalf of the Plaintiffs together with interest, costs, expert witness fees, attorney's fees and all other amounts that are recoverable by law.

## COUNT IV

### (VIOLATION OF M.G.L. CH. 93A vs. VIVENT SOLAR DEVELOPER, LLC)

24.    The Plaintiffs, Scott Fratus and Alda M. Donnelly. Repeat and incorporate herein by reference the allegations contained in paragraphs 1through 23 above, as if expressly re-written and set forth herein.

25.    The Defendant, Vivent Solar Developers, LLC, committed unfair or deceptive acts or practices in violation of M.G.L. Ch. 93A, and as set forth in their demand letter of December 18, 2015 which is attached hereto as Exhibit A.

26.    The Defendant's deceptive acts or practices include but are not limited to the following:

    a.    Committing fraud in the inducement with respect to the alleged contract between Vivent Solar Developers, LLC and the Plaintiff, Alda M. Donnelly. In particular, the so-called terms and conditions, appended to the sales "contract", were not included when the original document which was proffered to the Plaintiff and homeowner, Alda M. Donnelly.

    b.    The so-called "contract" between Alda M. Donnelly and the Defendant, Vivent Solar Developers, LLC contains terms and conditions which violate public policy, constitute a contract of adhesion, are in some cases almost illegible and incomprehensible to the average consumer, or never explained and/or agreed to by the customer, homeowner, Alda M. Donnelly.

    c.    The conduct of the defendant's employees, in failing to observe the open and obvious condition of the property visa vie the underground gas service, constitute unfair and deceptive practices; especially combined with their utter failure and disregard to protect the property and homeowners and occupants from serious and personal injury associated with potential gas leaks and explosions once they damaged the underground service line, disregarding the damage and failing to warn or advise the homeowners that such an incident had occurred. For all these reasons and others, the Defendant's conduct violates M.G.L. Ch. 93A.

As a direct and proximate result of Defendant's conduct, the Plaintiffs experienced grievous personal injuries and uninsured property damage.

Wherefore, the Plaintiffs, Scott Fratus and Alda M. Donnelly respectfully demand that judgment be entered on behalf of the Plaintiffs in the maximum amount allowed by law, together with interest, costs, expert witness fees, attorney's fees and all other amounts that are recoverable by law.

## COUNT V

### (FRAUD vs. VIVENT SOLAR DEVELOPER, LLC)

27. The Plaintiffs, Scott Fratus and Alda M. Donnelly. Repeat and incorporate herein by reference the allegations contained in paragraphs 1through 26 above, as if expressly re-written and set forth herein.

28. The Defendant, Vivent Solar Developers, LLC's conduct in proffering a so-called "contract" with owners, and unconscionable provisions, attempting to deprive the Plaintiffs of their due process rights and civil rights and remedies without any explanation; especially in light of the fact that they were dealing with an elderly homeowner and under which circumstances the defendant knew or should have reasonably known would not understand or appreciate the unconscionable and erroneous terms of the so-called agreement, which constitutes fraud in the inducement.

29. The defendant's fraudulent conduct as set forth above and in failing to provide the so-called terms and conditions until after they had gotten Plaintiff, Alda M. Donnelly, to execute the original agreement, constitutes egregious fraudulent conduct.

30. As a direct and proximate result of the fraudulent conduct, the so-called limitations of liability and terms and conditions are void and the Defendant is barred from asserting said terms and conditions as defenses in the present action.

Wherefore, the Plaintiffs, Scott Fratus and Alda M. Donnelly respectfully demand that judgment be entered on behalf of the Plaintiffs in the maximum amount allowed by law, together with interest, costs, expert witness fees, attorney's fees and all other amounts that are recoverable by law.

## JURY CLAIM

**PLAINTIFFS, SCOTT FRATUS AND ALDA M. DONNELLY, DEMAND A TRIAL BY JURY IN ALL CLAIMS AND ISSUES.**

        Respectfully submitted,
        Plaintiffs,
        Scott Fratus and Alda M. Donnelly,
        By Their Attorneys,

        */s/ Robert H. Gaynor*
        _____
        Anthony J. Antonellis, BBO #557964
        Robert H. Gaynor, BBO #187620
        SLOANE AND WALSH, LLP.
        Three Center Plaza, 8th Floor
        Boston, MA 02108
        617-523-6010
        aantonellis@sloanewalsh.com
        rgaynor@sloanewalsh.com

Dated: March 14, 2016